```
LAWRENCE G. BROWN
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-F-09-00049 LJO |
| Plaintiff, ) | |
| ) | MEMORANDUM OF PLEA AGREEMENT |
| v. ) | UNDER RULE 11(c) OF THE |
| ) | FEDERAL RULES OF CRIMINAL |
| ) | PROCEDURE |
| ) | |
| EDWARD STOUT, ) | Date: September 18, 2009 |
| ) | Time: 8:30 a.m. |
| ) | Place: Courtroom Four |
| Defendant. ) | Honorable: Lawrence J. O'Neill |

Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Lawrence G. Brown, the United States Attorney for the Eastern District of California, and Assistant United States Attorney David L. Gappa, has agreed with defendant Edward Stout, and his attorney, Carl M. Faller, as follows:

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in an

1

indictment with Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Section 2422(b) (Count One). The defendant also has been charged with Travel in Interstate Commerce to Engage in Illicit Sexual Activity (Count Two). The defendant will plead guilty to these charges.

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and the charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, as alleged in Count One of the Indictment, are as follows:

    (1)    The defendant used any facility or means of interstate or foreign commerce;

    (2)    To knowingly attempt to persuade, induce, entice, or coerce;

    (3)    An individual who had not attained the age of 18 years;

    (4)    To engage in sexual activity for which any person could be charged with a criminal offense.

The elements of the crime of Travel in Interstate Commerce to Engage in Illicit Sexual Conduct, as alleged in Count Two of the Indictment, are as follows:

(1) The defendant traveled in interstate commerce;

(2) For the purpose of engaging in illicit sexual conduct;

(3) With another person.

3. <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Counts One and Two of the indictment.

(c) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(d) The defendant further acknowledges that his pleas of guilty are voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(e) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in

3

connection with the investigation and prosecution of all charges in the above-captioned matter.

(f) The defendant agrees that the sentencing Court must consult the United States Sentencing Commission's Guidelines when sentencing the defendant in this case, but these sentencing guidelines are advisory and not mandatory.

(g) If any of the defendant's convictions on the counts to which he is pleading guilty are ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement for reasons such as a statute of limitations. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to any future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(h) The defendant agrees that the base offense level in the calculation of a Guideline range is 28, under U.S.S.G. § 2G1.3(a)(3).

(i) The defendant agrees that the following upward adjustments will apply to his Guideline calculation:

+ 2 for undue influence under U.S.S.G. § 2G1.3(b)(2)(B)

+ 2 for use of a computer or interactive computer service under U.S.S.G. § 2G1.3(b)(3)

+ 2 for commission of a sex act under U.S.S.G. § 2G1.3(b)(4)

(j) After a three-level reduction in offense level for acceptance of responsibility, the adjusted offense level will be 31.

(k) The defendant agrees that a sentence that includes a term of imprisonment at the mid-point of the relevant range for sentencing, determined by his criminal history, will be one component of an overall "reasonable sentence."

(l) The defendant agrees that an additional component of an overall "reasonable sentence" will be a "lifetime" term of supervised release.

(m) The defendant will not in any way, directly or indirectly, request a sentence of imprisonment less than that of the mid-point of the Sentencing Guidelines range that reflects the enhancements outlined above.

4. Agreements by the Government.

(a) The government will recommend a three-level reduction in offense level for the charges in the indictment if the

5

defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b) The government will request terms of a sentence consistent with the terms outlined in sections 3(i) through (l) above.

6. <u>Factual Basis</u>.

Defendant will plead guilty because he is in fact guilty of the crimes set forth in the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> From approximately April 2008 through approximately January 28, 2009, in the Eastern Districts of Missouri and California, and elsewhere, the defendant knowingly attempted to persuade, induce, or entice, an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense. Specifically, the defendant engaged in multiple communications by telephone (by voice and by text messaging) and/or internet-based electronic mail and/or through an X-Box Live gaming console and network, with an individual who was less than eighteen years of age for the purpose of meeting the minor to engage in any sexual activity for which any person could be charged with a criminal offense, or the defendant did attempt to do so.
>
> The defendant also traveled in interstate commerce from near St. Louis, Missouri to Sanger, California in January 2009 with the intent of engaging in any illicit sexual conduct with another person (whom he believed to be approximately age 15). The defendant engaged in sexual contact with a minor for which a person could be charged with a criminal offense.

7. <u>Potential Sentence</u>.

Defendant understands that because the counts to which he is pleading guilty occurred after November 1, 1987, the Court will

be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission. Further, he understands that the Court may choose a sentence above or below the applicable guideline range depending on the aggravating or mitigating facts of the defendant's case, but the Court will not be able to impose a sentence below the statutory minimum term of ten (10) years imprisonment for Count One of the indictment. The following are the potential penalties that the defendant faces:

**18 U.S.C. § 2422(b) - Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity:**

    (a). Imprisonment.

        Maximum: Life.
        Minimum: Ten (10) years.

    (b). Fine.

        Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

    (c). Both such fine and imprisonment.

    (d). Term of Supervised Release.

        Maximum: Lifetime

        (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

    (e). Penalty Assessment:

        Mandatory: One Hundred Dollars ($100).

**18 U.S.C. § 2423(b) - Travel with Intent to Engage in Illicit Sexual Conduct:**

   (a). Imprisonment.

      Maximum: Thirty (30) years.

   (b). Fine.

      Maximum: Two Hundred
      Fifty Thousand Dollars
      ($250,000).

   (c). Both such fine and imprisonment.

   (d). Term of Supervised Release.

      Maximum: Lifetime

      (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

   (e). Penalty Assessment:

      Mandatory: One Hundred Dollars ($100).

8. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a

jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be

appointed for him by the court at no expense to him.

(e)  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

9. Questions by Court.

Defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offenses to which he is pleading guilty, his answers, if false, may later be used against him in a separate prosecution for perjury.

10. Entire Agreement.

These pleas of guilty are freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.  There have been no representations or promises from anyone as to what sentence this Court will impose.

11. Court not a Party.

It is understood by the parties that the sentencing Court is

neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 7. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the indictment.

12. Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

LAWRENCE G. BROWN
United States Attorney

DATED: 9/17/09    By _____
                     DAVID L. GAPPA
                     Assistant U.S. Attorney

DATED: 9/17/09    _____
                     EDWARD STOUT
                     Defendant

DATED: 9/17/09    _____
                     CARL M. FALLER
                     Attorney for Defendant

11